UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DAVID WOLF,

Plaintiff,

v.

HOME DEPOT USA, INC.,
THE HOME DEPOT,

Defendants.

---

**DECISION and ORDER**

**24-CV-1065-JLS(F)**

APPEARANCES:

BROWN CHIARI LLP
Attorneys for Plaintiff
SCOTT M. COVINO,
THERESA M. WALSH, of Counsel
2470 Walden Avenue
Buffalo, New York 14225

AARONSON RAPPAPORT FEINSTEIN
& DEUTSCH, LLP
Attorneys for Defendants
ROBERT J. CHAPPELL,
PATRICK A. DOUGHERTY,
PETER J. FAZIO, of Counsel
600 Third Avenue
New York, New York 10016

In this diversity action in which Plaintiff alleges Defendants' negligence caused Plaintiff to trip and fall sustaining serious physical injury after being directed to enter Defendants' store by Defendants' employee, by papers filed September 11, 2026, Defendants move, pursuant to Fed.R.Civ.P. 16(b)(4) (good cause) ("Rule 16(b)(4)") and 6(b)(1)(B) (excusable neglect) ("Rule 6(b)(1)"), for a Second Amended Scheduling Order extending the period for fact and expert discovery as well as enlarging the time for filing dispositive motions relating to Plaintiff's second hip

surgery which occurred on August 20, 2026 ("Defendants' motion") (Dkt. 29). Defendants' motion is support by Affirmation [Robert J. Chappell, Esq.] In Support ("Chappell Affirmation") (Dkt. 29-1). In papers filed October 1, 2026 (Dkt. 31) ("Attorney's [Scott M. Covino, Esq.] Affirmation") ("Covino Affirmation") together with Exhibits A-C ("Plaintiff's Exhs. __") (Dkts. 31-1, 31-2 and 31-3) Plaintiff opposed Defendants' motion. On October 5, 2026, Defendants filed Reply Affirmation In Further Support of Defendants' Motion to Amend Scheduling Order (Dkt. 32) ("Defendants' Reply").

Defendants contend that following Plaintiffs' second hip surgery, of which Defendants were informed by Plaintiff on August 24, 2026, Defendants' counsel thereupon requested Plaintiff agree to amending the Amended Scheduling Order filed September 16, 2025 (Dkt. 23). The Amended Scheduling Order required, *inter alia*, fact discovery conclude December 29, 2025, Plaintiff's expert disclosures required by Fed.R.Civ.P. 26(a)(2) be filed by March 2, 2026, Defendants' expert disclosures be filed by March 31, 2026, and dispositive motions be filed by July 31, 2026. However, Plaintiff refused Defendants' request. Although Plaintiff's opposition does not expressly state Plaintiff intends at trial to offer evidence of Plaintiff's second hip surgery together with expert testimony, that Plaintiff intends to do so is established by Plaintiff's opposition to Defendants' motion.

In Plaintiffs' opposition, Plaintiff contends Defendants' failure to seek a Second Amended Scheduling Order following Plaintiff's e-mails of January 30, 2026, May 12, 2026 and June 1, 2026, *see* Plaintiff's Exhs. A-C (Dkts. 31-1; 31-2; 31-2) in which Plaintiff informed Defendants that he was considering a second left hip surgery on

August 20, 2026, constitutes a waiver of Defendants' right to do so.[1] Covino Affirmation (Dkt. 31) ¶ 19. Plaintiff accordingly argues that with such prior notification of Plaintiff's additional expected second hip surgery, Defendants cannot satisfy Rule 16(b)(4)'s good cause requirement as such prior notice demonstrates that Defendants were not sufficiently diligent in seeking an amended scheduling order specifically permitting additional discovery, expert disclosures and summary judgment limited to Plaintiff's August 20, 2026 second hip surgery. Covino Affirmation (Dkt. 31) ¶¶ 7, 23, 30. Defendants respond by arguing that the absence of definitive information that the anticipated hip surgery had in fact occurred, Defendants were not obligated to seek any further amended Scheduling Order and thus Defendants' motion is the timely result of Defendants' diligence in the matter. Chappell Affirmation (Dkt. 29-1) ¶ 15.[2]

Although it may have been more prudent for Defendants to have requested, pursuant to Rule 16(b)(4) presumably with Plaintiff's agreement, a second Amended Scheduling Order expanding the discovery and expert disclosure cut-offs in January 2026 when Plaintiff initially broached the potential need for such relief, the court cannot, at least on this record, find Defendants' inaction constitutes a lack of diligence with respect to Plaintiff's August 20, 2026 second hip surgery. Until Plaintiff had a firm schedule for and underwent the subsequent surgery, there was no reason

[1] That Plaintiff also underwent surgery sometime in March or early April, 2026, on one of Plaintiff's shoulders for an injury also related to the trip and fall, *see* (Dkt. 31-2) at 2; (Dkt. 31-3) at 3, is based on Plaintiff's representation that Plaintiff would provide Defendants with authorizations for this surgery. *See* (Dkt. 31-3) at 3.

[2] Plaintiff asserts Defendants seek a "wholesale reopening of discovery," Covino Affirmation (Dkt. 31) ¶ 17; however, Defendants' request "seeks discovery only concerning [Plaintiff's] second surgery." Chappell Affirmation (Dkt. 29-1) ¶ 17.

for Defendants to seek a Rule 16(b)(4) amendment. Although Plaintiff first advised Defendants, on January 30, 2026, of Plaintiff's potential second left hip replacement surgery, *see* Covino Affirmation (Dkt. 31) ¶ 9; Plaintiff's Exh. A (Dkt. 31-1) at 2, it was not until June 1, 2026 that Plaintiff informed Defendants that Plaintiff had even been scheduled for the surgery on August 20, 2026. *See* Covino Affirmation (Dkt. 31) ¶ 14; Plaintiff's Exh. C (Dkt. 31-3) at 2. Plaintiff does not dispute Mr. Chappell's averment that Defendants were first informed on August 24, 2026 by Plaintiff that the surgery had in fact taken place on August 20, 2026 as scheduled. *See* Chappell Affirmation (Dkt. 29-2) ¶ 4. Moreover, until the second surgery was completed, Plaintiff's follow-up treatment did not come into existence, which would have triggered Defendants' entitlement to further discovery. Defendants' motion promptly followed on September 11, 2026 (Dkt. 29).

While diligence is the *sine qui non* for Rule 16(b)(4)'s good cause requirement, *see Callahan v. County of Suffolk*, 96 F.4th 362, 370 (2d Cir. 2024) ("Whether good cause exists turns on the 'diligence of the moving party.'" (quoting *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009))), "the over-arching purpose of the discovery rules is to promote the disclosure of [relevant] information and materials . . . and to level the playing field for both parties to the litigation." *Personalized Media Commc'ns, LLC v. Netflix Inc.*, 2021 WL 11709700, at *3 (S.D.N.Y. Jan. 12, 2021) (internal quotation and citation omitted). Further, although diligence by the movant is the primary consideration on a motion to amend a scheduling order, it is not the only consideration; rather, the district court, in the exercise of its discretion under Rule 16(b), also may consider other relevant factors including whether allowing the

amendment will result in prejudice to the non-moving party, here, Plaintiff. *See Kassner v. 2nd Avenue Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007) (vacating district court's denial of plaintiff's motion to amend the pleadings for lack of diligence and remanding for consideration of other factors including whether permitting the amendment would result in prejudice to the non-movant). Significantly, here, Plaintiff does not assert any prejudice would result to Plaintiff if Defendants' motion is granted, *see* Covino Affirmation (Dkt. 31) (*passim*). Plaintiff's caselaw are all distinguishable, Covino Affirmation (Dkt. 31) ¶¶ 23, 26. *See, e.g. Parker v. Columbia Pictures Industries*, 204 F.3d 326, 340-41 (2d Cir. 2000) (plaintiff's motion requesting amended scheduling order to permit plaintiff's belated contract claim properly denied for lack of good cause where plaintiff had, well prior to deadlines for such requests, "all the information necessary to support" plaintiff's contract claim before the cut-off date established by the scheduling order). In the instant case such definitive information relating to the actual occurrence of Plaintiff's surgery did not exist prior to August 24, 2026 when Plaintiff initially confirmed the surgery had taken place.

Additionally, not addressed by the parties, in the instant case, even assuming, *arguendo*, that Defendants were not diligent in moving to amend the Amended Scheduling Order with respect to Plaintiff's subsequent hip surgery, denial of Defendants' motion would not relieve Plaintiff from his obligation pursuant to Fed.R.Civ.P. 26(e) to supplement his disclosures regarding his medical treatments pursuant to Fed.R.Civ.P. 26(a), as well as his responses to formal discovery requests relating to such supplemental disclosures pursuant to Fed.R.Civ.P. 26(b). *See, cf., Geary v. Fancy*, 2016 WL 1252768, at ** 4-5 (W.D.N.Y. Mar. 31, 2016) (denying the

defendant's motion to preclude as untimely the plaintiff's supplemental disclosures pertaining to additional medical treatment and surgeries which the plaintiff was required to provide pursuant to Fed.R.Civ.P. 26(e)). "The duty to supplement continues even after the discovery period has closed." *DeFrancesco v. Win-Sum Ski Corp.*, 2017 WL 696838, at *5 (W.D.N.Y. Feb. 22, 2017) (citing *Gorzynski v. Jet Blue Airways Corp.*, 2012 WL 712067, at *4 (W.D.N.Y. Mar. 5, 2012)). Accordingly, not only is Defendants' motion in this regard unnecessary, but granting the requested relief will result in no prejudice to Plaintiff. *See also Rahman v. W & A Distribution Services, Inc.*, 546 F.Supp.2d 11, 14 (E.D.N.Y. 2008) (recognizing that a plaintiff's recently required surgery "would necessitate additional expert discovery"(internal citation omitted). Similarly, as to Defendants' assertion of Rule 6(b)(1)(B), Defendants' demonstrated diligence constitutes good cause for a request pursuant to Rule 6(b)(1)(B).

## CONCLUSION

Based on the foregoing, Defendants' motion (Dkt. 29) is GRANTED. The parties shall within 20 days of this Decision and Order jointly or individually submit for the court's consideration a proposed Second Amended Scheduling Order scheduling the case to trial limited to Plaintiff's August 20, 2026 second hip surgery.

SO ORDERED.

/s/ *Leslie G. Foschio*

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: November 17, 2026
Buffalo, New York